(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) CHAD McCLOSKEY #00338443
(Name of Plaintiff)    (Inmate Number)

J.T.V.C.C. 1181 PADDOCK RD.
SMYRNA DE 19977
(Complete Address with zip code)

(2) N/A
(Name of Plaintiff)    (Inmate Number)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) JAMES WELCH "BUREA CHIEF"
(2) JANE/JOHN DOE "CORRECT CARE SOLUTIONS"
(3) LOUISE DEROSIERS "DR. DEROSIERS"
(Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

14 - 30
(Case Number)
( to be assigned by U.S. District Court)

FILED
2014 JAN 14 PM 3:38
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**CIVIL COMPLAINT**

☑ Jury Trial Requested

I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

N/A

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ☒ Yes ☐ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ☒ Yes ☐ No

C. If your answer to "B" is Yes:

1. What steps did you take? I'VE FILED NUMEROUS GRIEVANCES IN ACCORD WITH APPLICABLE ADMINISTRATIVE POLICIES AND PROCEEDINGS.

2. What was the result? I AM CONTINUALLY DENIED STANDARD OF CARE IN MY MEDICAL ISSUES IN ACCORD WITH DELAWARE'S MEDICAL POLICIES ECT.!

D. If your answer to "B" is No, explain why not: N/A

## III. DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: JAMES WELCH "CORRECT CARE SOLUTIONS"
Employed as BUREAU CHIEF at DELAWARE DEPT. OF CORRECTION
Mailing address with zip code: 245 MCKEE ROAD
DOVER DE 19904

(2) Name of second defendant: "CORRECT CARE SOLUTIONS"
Employed as MEDICAL PROVIDER at JAMES T. VAUGHN CORRECTIONAL CENTER.
Mailing address with zip code: 1181 PADDOCK RD
SMYRNA DE 19977

(3) Name of third defendant: DR. LOUISE DEROSIERS
Employed as DR. DEROSIERS at JAMES T. VAUGHN CORRECTIONAL CENTER.
Mailing address with zip code: 1181 PADDOCK RD
SMYRNA DE 19977

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. — HAVING SUFFERED 6-8 WEEKS WITH A BROKEN ARM BEFORE I WAS PROPERLY DIAGNOSED AND TREATED STANDS CONTRARY TO DELAWARE' MEDICAL POLICIES AND PROCEDURES AMOUNTING TO A DELIBERATE INDIFFERENCE TO PLAINTIFFS SERIOUS MEDICAL NEEDS! SEE: ATTACHED FACTUAL ASSERTIONS

2. — HAVING SUFFERED WITH THE BROKEN ARM 6-8 WEEKS AND STILL ON FILING THIS ACTION BEING DENIED ADEQUATE MEDICAL "PAIN MANAGEMENT" TREATMENT THAT DID AND DOES NOT COMPORT TO THE STANDARDS OF DELAWARES MEDICAL POLICIES AND PROCEDURES AMOUNTS TO A DELIBERATE INDIFFERENCE. SUPRA

3. — DEFENDANTS AT ALL TIMES UNDER AGENT DUTIES OF C.C.S. CARRY OUT ESTABLISHED POLICIES, AND/OR CUSTOMS IN PLACE THAT DELAYS AND DENIES ADEQUATE TREATMENT TO THE STANDARDS REQUIRED BY DELAWARES MEDICAL POLICIES AND PROCEDURES THAT AMOUNT TO A DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS. SUPRA

4. — AS THE CASE UNFOLDS IT WILL BE EASILY IDENTIFIABLE AS TO THE STANDARD AND QUALITY OF MEDICAL TREATMENT PLAINTIFF RECIEVED FROM OUTSIDE MEDICAL FACILITIES FOR HIS INJURY, AND THAT AS WAS AND IS PROVIDED BY DEFENDANTS FROM DIAGNOSIS TO X-RAY AND MEDICATIONS WITH FOLLOW-UP TREATMENTS. THERE EXISTS A MEDICAL GAP THAT WHEN COMPARED TO DELAWARES MEDICAL POLICIES AND PROCEDURES. DEFENDANTS DO NOT MEET THE BAR.

3

## I. THE FACTS

1. On June 3rd, 2013 Chad McCloskey "Herein after Plaintiff" was doing push ups and heard a loud pop/snap and immediately felt waves of sharp pain in my upper right arm. I could not push off the floor!

2. Seemed immediately Sgt. _____ Conrad made her unit rounds and I made her aware of my injury and seeing the evident pain I was in she immediately contacted medical.

3. Plaintiff was immediately seen by Nurse _____ Blessed, on the 8-4 shift. She would not let me explain much to her... However she did examine the lump where the bone was pressing against my skin and the bruising where she diagnosed it as a pulled muscle and ordered Tylenol and ice for three days.

4. Though I was visably in pain I was returned to my cell and did the best I could to file a grievance and sick call.

5. Four days later I was seen by Dr. Derosiers and was told that my arm was not broken as to her professional opinion... However she did order an X-ray.

6. About two weeks later the X-ray was taken.

7. A follow up with Dr. Derosiers about 7-10 days later. She then explained that my right arm was broken as was the rod holding the bone together is what actually broke on June 3, 2013.

8. On or about July 10, 2013 Plaintiff was taken to Dr. Dushuttle for X-rays and was told bone in upper right arm was broken and had been for some time before the June 3rd, 2013 injury... That the injury on June 3rd, 2013 was when the rod holding the bone together broke.

9. I immediately became mentally distraught at how:
   FIRST: X-rays over 2 years ago were said to be normal...
   SECOND: My complaints about excessive pain before June 3, 2013 were dismissed due to the previous X-rays supposedly being normal!

10. I requested to see my medical records and was denied.

11. I requested to have records sent to a third party and was denied.

12. On or about August 1, 2013 I was taken to Kent General where Dr. Dushuttle replaced the broken rod and screws in my arm.

4

13. Once returned to J.T.V.C.C. under the care of Dr. Derosiers. The medicines ordered by Kent General was stopped and I was given Tylenol which had and continues to have no effect on the pain associated with the pain and the nature of the injury.

14. Daily I suffer debilitating pains in my right arm that disrupt my sleep and other aspects of my life due to no pain management treatment.

15. I have filed many grievances and sick calls complaining of my need of proper pain management treatment consistent with Delaware's medical policies and procedures in treating case specific conditions. All have been denied!

16. To this day the question arises as to whether plaintiff recieved and recieves treatment below the standards of Delaware's medical policies and procedures causing him unnecessary pain and suffering. Where:

   a) In comparative to the diagnosis, treatment and medications that were effectuated by "Defendants" in case specific injury. A reasonable jury could conclude the eight week delay in diagnosis and treatment, is contrary to Delaware's medical policies and procedures in treating plaintiff for the apparent and misdiagnosis of his broken arm and...

   b) That Defendants, agents of C.C.S. acted upon specific policies and customs when treating inmates to affect the costs in the growing burden of providing medical treatment to ever increasing need of the inmate population. Therefore as a result of carrying out the policies of C.C.S. and/or lost effective customs of Defendants on many such occassions. A deliberate indifference to serious medical needs arises!

## II - DEFENDANTS

Defendant, <u>Dr. Louise Derosiers</u>. Is employed by Correct Care Solutions in compassity of Dr., to treat inmates for medical issues and are thereby charged to meet the standards of Delaware's medical policies and procedures to the same and/or higher standard of degree.

5

However on the day in question and during the events of plaintiff's cause of action Dr. DeRosiers treatment and lack thereof established a deliberate indifference to my serious medical needs where:

FIRST: I was not seen for a visibly broken arm for 4 days and suffered unbearable pain.

SECOND: When Dr. DeRosiers did examine me she did not diagnose a broken bone.

THIRD: Only after 8 weeks of noticeable pain and suffering and x-ray by an outside physician was the broken bone and screws diagnosed and proper treatment and pain management administered!

FOURTH: Though outside physician did properly diagnose, and treat condition, as soon as plaintiff was returned to the care of Dr. DeRosiers, the standard of care dramatically decreased causing undue pain and suffering with unbearable discomfort!

FIFTH: Dr. DeRosiers carries out the policies and customs of C.C.S. thus acted with a deliberate indifference to plaintiffs serious medical needs!

2. Defendant, Correct Care Solutions "Jane/John Doe_____", as the medical care provider is charged to provide medical care to the standards of Delaware's medical policies and procedures... However the implemented policies and procedures and/or adopted customs of providing the least amount of care establishes a deliberate indifference to plaintiffs serious medical needs.

3. Defendant, James Welch, is the Department of Corrections Bureau Chief in charge of assuring that the standards set by Delaware's medical policies and procedures are met by the medical providers at J.T.V.C.C... However having been made aware of the facts at bar and his lack of immediate intervention and exercise of power to assure defendants C.C.S. agents and policies meet constitutional standards thus comporting to medical standards... exhibits they are in league to extend the barest medical treatment amounting to a deliberate indifference to a serious medical need at bar.

Plaintiff contends that the policies and customs are implemented and carried out on a case by case analysis and they are able to meticulously carry it out where they are in league. However... I will identify the league through policy and custom and utilize Delaware's medical policies and procedures to prove I went 8 weeks with a broken arm and suffer daily 5 months later from pain and lack of follow-up treatment!

6

## V. RELIEF

In Plaintiff action he establishes a colorable claim of deliberate indifference to a serious medical need and that the policy, custom and/or directive the league of administrators carry out and follow is the direct cause and...

FIRST: For having a broken arm/broken Zoo and screws 8 weeks. Suffering with unbearable pain, unable to sleep and denied adequate treatment and medication... Plaintiff seeks:
  a). Fifty Thousand Dollars - $50,000
  b). Declared Punative Damages as deemed by the court
  c). Injunctive relief to establish policies that with cause better medical diagnoses and treatment.

SECOND: Plaintiff seeks:
  a). Immediate medical treatment and diagnosis as to pain management and ongoing treatment associated with the injury.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 13 day of JAN 20 14

　　　　　　　　　　＊ CHAD McCLOSKEY
　　　　　　　　　　　　CHAD McCLOSKEY