IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHAD J. MCCLOSKEY, )
)
Plaintiff, )
)
v. ) Civ. Action No. 14-030-GMS
)
BUREAU CHIEF JAMES WELCH, et al., )
)
Defendants. )

**MEMORANDUM**

The plaintiff, Chad J. McCloskey ("McCloskey"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court proceeds to review and screen the complaint.

## I. BACKGROUND

McCloskey injured his right arm on June 3, 2013, while exercising. He advised a correctional officer that he was injured and in pain and received medical care from a nurse who ordered Tylenol and ice packs. Four days later, McCloskey was seen by the defendant Dr. Desrosiers ("Dr. Desrosiers") who ordered an x-ray. The arm was x-rayed approximately two weeks later. McCloskey was seen by Dr. Desrosiers seven to ten days later and she informed him that his right arm and the rod holding it together had broken on June 3, 2013. On July 10, 3013, McCloskey was seen by outside physician Dr. DuShuttle who advised McCloskey that his upper right arm was broken and had been for some time and that the June 3, 2013 injury occurred when

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

the rod broke that was holding the bone together. Dr. DuShuttle performed surgery on McCloskey on August 1, 2013 at Kent General Hospital. McCloskey return to the VCC under the care of Dr. Desrosiers. McCloskey alleges that the medications ordered by Kent General Hospital stopped upon his return to the VCC, and he was only given Tylenol for pain. McCloskey continues to have daily debilitating pain.

McCloskey alleges that Dr. Desrosiers was deliberately indifferent to his medical needs when she did not see him until four days after his June 3, 2013 injury, failed to timely diagnose the fracture and provide pain management, did not provide pain management following the surgery, and because she carries out the policies of Correct Care Solutions ("CCS"). McCloskey alleges that the defendant Jane/John Doe ("Doe") of CCS is charged to provide medical care to inmates, but CCS' policies and procedures and/or adopted customs of providing the least amount of care amount to deliberate indifference to McCloskey's medical needs. Finally, McCloskey alleges that the defendant James Welch ("Welch"), Bureau Chief of Correctional Healthcare Services, when made aware of the facts at bar, failed to immediately intervene and exercise his power to see that CCS' agents and policies met constitutional standards that comport to medical standards.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because McCloskey proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant McCloskey leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

The complaint attempts to raise claims against Welch and Doe. It appears that the claims are raised against these defendants based upon their supervisory positions. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to

establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Iqbal*, 556 U.S. at 675-77); *Rode v. Dellarciprete*, 845 F.2d at 1207).

McCloskey provides no specific facts with regard to foregoing defendants' personal involvement as is required to state a claim for violations of his constitutional rights. Instead the complaint alleges in a conclusory manner their respective alleged deliberate indifference to his medical needs. Nor does the original complaint contain facts that Welch and/or Doe expressly directed the deprivation of his constitutional rights, or created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation.

Moreover, the U.S. Court of Appeals for the Third Circuit has concluded that prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

For the above reasons, the court will dismiss the claims against Welch and Doe for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that McCloskey may be able to articulate a medical needs claim against the foregoing defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

**B. Medical Needs**

McCloskey alleges that Dr. Desrosiers delayed in treating his fractured limb and failed to provide treatment for his ongoing pain.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

Upon review of the allegations, the court finds that McCloskey has alleged what appears to be a medical needs claim against Dr. Desrosiers. He will be allowed to proceed with the claim.

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims against Welch and Doe for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and § 1915A(b)(1). McCloskey will be given leave to amend the medical needs claims raised against Welch and Doe. He will also be allowed to proceed against Dr. Desrosiers.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 3, 2014
Wilmington, Delaware