IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHAD J. MCCLOSKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-030-GMS |
| | ) |
| BUREAU CHIEF JAMES WELCH, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background.** The plaintiff, Chad J. McCloskey ("McCloskey"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on January 14, 2014, pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) McCloskey appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The case proceeds on medical needs claims against the defendants. McCloskey requests counsel (D.I. 45) and moves to convene a medical negligence review panel (D.I. 46).

2. **Request for Counsel.** McCloskey requests counsel on the grounds that he is hindered by VCC legal services in obtaining legal materials as he is denied direct law library access and is not trained in the law, and his injured right arm limits his writing ability. (D.I. 45.) The defendant Correct Care Solutions, LLC ("CCS") opposes the motion. CCS notes that McCloskey has sought counsel on three previous occasions and nothing has changed since the last denial on March 23, 2015. (*See* D.I. 27, 56.)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

5. Assuming, solely for the purpose of deciding this motion, that McCloskey's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. McCloskey previously requested counsel and his requests were denied. (*See* D.I. 15, 19, 27.) To date, circumstances have not sufficiently changed to warrant granting his request for

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

counsel. In light of the foregoing, the court will deny without prejudice to renew McCloskey's request for counsel. Should the need for counsel arise later, one can be appointed at that time.

6. **Motion to Convene Medical Negligence Review Panel.** McCloskey moves the court to convene a medical negligence/malpractice review panel as proscribed under 18 Del. C. § 6814 to "void the need for the plaintiff to file an affidavit of merit pursuant to 18 Del. C. § 6853." (D.I. 46.) Pursuant to Delaware Superior Court Civil Rule of Procedure Rule 71.2(b), "a party may file a demand to convene a malpractice review panel at any time subsequent to entry of appearance by all defendants who have been served and after a reasonable time for discovery unless otherwise stipulated to by the parties or ordered by the Court." Del. Sup. Ct. Civ. R. P. 71.2(b). Section 6853(e) of the Delaware Health Care Negligence Insurance and Litigation Act provides in pertinent part:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury or death, except that such expert medical testimony shall not be required if a medical negligence review panel has found negligence to have occurred and to have caused the alleged personal injury or death and the opinion of such panel is admitted into evidence. . . .

18 Del. C. § 6853(e). The Delaware Superior Court reads § 6853(e) and Rule 71.2 together, and is satisfied that, where a timely demand to convene a medical malpractice review panel has been filed, no affidavit of merit is required under Section 6853. *See Miller v. Taylor*, 2010 WL 3386580, at *2 (Del. Super. Aug. 19, 2010).

7. Section 6814 of the Delaware Health Care Negligence Insurance and Litigation Act provides that the Delaware Insurance Commissioner shall convene a medical negligence review panel at the request of a Federal District Court Judge sitting in a civil action in the District of

3

Delaware alleging medical negligence in the manner instructed by the said federal court, but also in a manner as consistent as possible with the process of selecting such panels provided for in Superior Court actions. *See* 18 Del. C. § 6814. The caveat to this section, however, is that the Insurance Commissioner shall not convene any such panels at the request of any such federal court "unless provisions are made for the payment of the compensation and expenses of such panelists and the compensation and expenses of all witnesses called by such panel out of the funds other than those of the General Fund of the State." *Id.*

8. The court lacks authority to appoint a medical review panel for McCloskey at the public's expense. *See e.g.*, *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits."). Nor has McCloskey, who has been granted *in forma pauperis* status, indicated that he has the financial means for compensation and expenses of the medical review panel. Therefore, the court will deny without prejudice the motion to convene a medical negligence review panel. The court will reconsider the request upon a showing by McCloskey of his financial ability to pay the compensation and expenses of the medical review panel.

9. **Amended Complaint**. In compliance with the August 25, 2015 order, McCloskey filed an amendment to the complaint reinstating James Welch ("Welch") as a defendant and adding claims against him. (D.I. 58.) McCloskey has alleged what appear to be cognizable and

4

non-frivolous claims against Welch and may proceed against him. The complaint (D.I. 2), amended complaint (D.I. 20) and second amended complaint (D.I. 58), collectively, form the operative pleading.

10. **Conclusion**. For the above reasons, the court will deny the request for counsel and motion to convene a medical malpractice review panel (D.I. 45, 46) and will enter a service order. An appropriate Order follows.

_____
UNITED STATES DISTRICT JUDGE

__Nov 19__, 2015
Wilmington, Delaware