IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHAD J. MCCLOSKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-030-GMS |
| | ) |
| BUREAU CHIEF JAMES WELCH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.   INTRODUCTION**

The plaintiff Chad McCloskey ("McCloskey"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (*See* D.I. 7.)

**II.   BACKGROUND**

The court closed this case after McCloskey failed to prosecute and reopened it following McCloskey's motion for reconsideration. Once reopened, the court ordered McCloskey to respond to dispositive motions filed by the defendants. His responses were due no later than January 3, 2017. (*See* D.I. 78.) To date, McCloskey has not complied with the order. Instead, on December 14, 2016, he filed the pending request for counsel. (*See* D.I. 81.) McCloskey requests counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his abilities, the issues are complex and require research and investigation, and he has no law library access.

On February 27, 2017, McCloskey advised the court that he did not respond to the dispositive motions because the defendants did not provide him with service copies. (D.I. 83.)

The same day, the court mailed McCloskey copies of the dispositive motions. On April 4, 2017, McCloskey again advised the court that he had not received service copies of the motions. (D.I. 84.)

## III. DISCUSSION

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate the plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 81.) Should the need for counsel arise later, one can be appointed at that time.

Finally, McCloskey will once again be provided with copies of the dispositive motions, and will be given one final opportunity to respond to the motions. There will be no further extensions.

## IV. CONCLUSION

For the above reasons, the court will deny McCloskey's request for counsel. (D.I. 81.)

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

May 5, 2017
Wilmington, Delaware