IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHAD J. MCCLOSKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-030-GMS |
| | ) |
| BUREAU CHIEF JAMES WELCH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background.** The plaintiff, Chad J. McCloskey ("McCloskey"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on January 14, 2014, pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) McCloskey appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The case proceeds on medical needs claims against the defendants. McCloskey seeks additional time to respond to dispositive motions (D.I. 89), moves for discovery (D.I. 90) and, for a second time, moves to convene a medical negligence review panel (D.I. 91).

2. **Motion for Additional Time.** McCloskey requests additional time to respond to the defendants' pending dispositive motions. (D.I. 89.) The court will grant the motion. McCloskey states that he did not receive copies of the motions that the court indicated it would copy and forward to him. The Clerk's Office provided the copies to McCloskey by mail on May 5, 2017.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Out of an abundance of caution, the Clerk's Office mailed a second set of the motions to McCloskey on May 22, 2017.

3. **Motion for Discovery.** McCloskey has filed a motion to obtain certain discovery. (D.I. 90.) The court will deny the motion. The discovery deadline expired on February 1, 2016. (*See* D.I. 52.) It has not been extended.

4. **Second Motion to Convene Medical Negligence Review Panel.** McCloskey moves the court to convene a medical negligence/malpractice review panel as proscribed under 18 Del. C. § 6814 to "void the need for the plaintiff to file an affidavit of merit pursuant to 18 Del. C. § 6853." (D.I. 91.) The motion is identical to a motion to convene a medical negligence review panel that McCloskey filed in August 2015 and that was denied on November 19, 2015. (*See* D.I. 46, D.I. 67.)

5. Pursuant to Delaware Superior Court Civil Rule of Procedure Rule 71.2(b), "a party may file a demand to convene a malpractice review panel at any time subsequent to entry of appearance by all defendants who have been served and after a reasonable time for discovery unless otherwise stipulated to by the parties or ordered by the Court." Del. Sup. Ct. Civ. R. P. 71.2(b). Section 6853(e) of the Delaware Health Care Negligence Insurance and Litigation Act provides in pertinent part:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury or death, except that such expert medical testimony shall not be required if a medical negligence review panel has found negligence to have occurred and to have caused the alleged personal injury or death and the opinion of such panel is admitted into evidence. . . .

18 Del. C. § 6853(e). The Delaware Superior Court reads § 6853(e) and Rule 71.2 together, and is satisfied that, where a timely demand to convene a medical malpractice review panel has been filed, no affidavit of merit is required under Section 6853. *See Miller v. Taylor*, 2010 WL 3386580, at *2 (Del. Super. Aug. 19, 2010).

6. Section 6814 of the Delaware Health Care Negligence Insurance and Litigation Act provides that the Delaware Insurance Commissioner shall convene a medical negligence review panel at the request of a Federal District Court Judge sitting in a civil action in the District of Delaware alleging medical negligence in the manner instructed by the said federal court, but also in a manner as consistent as possible with the process of selecting such panels provided for in Superior Court actions. *See* 18 Del. C. § 6814. The caveat to this section, however, is that the Insurance Commissioner shall not convene any such panels at the request of any such federal court "unless provisions are made for the payment of the compensation and expenses of such panelists and the compensation and expenses of all witnesses called by such panel out of the funds other than those of the General Fund of the State." *Id.*

7. The court lacks authority to appoint a medical review panel for McCloskey at the public's expense. *See e.g., Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits."). Nor has McCloskey, who has been granted *in forma pauperis* status, indicated that he has the financial means for

3

compensation and expenses of the medical review panel. Therefore, the court will deny without prejudice the motion to convene a medical negligence review panel. The court will reconsider the request upon a showing by McCloskey of his financial ability to pay the compensation and expenses of the medical review panel.

8. **Conclusion.** For the above reasons, the court will grant the plaintiff additional time to respond to dispositive motions (D.I. 89), deny the motion for discovery (D.I. 90) and deny the motion to convene a medical malpractice review panel (D.I. 91). An appropriate Order follows.

_____
UNITED STATES DISTRICT JUDGE

\_May 30_____, 2017
Wilmington, Delaware